[No. 7,256. In Bank. —June 28, 1884.]

## J. S. DYER, RESPONDENT, v. GEORGE HUDSON ET AL., APPELLANTS.

STREET ASSESSMENT— GRADING — MACADAMIZING. — The board of supervisors of the city and county of San Francisco can authorize a contract to be made for macadamizing a street, after a contract for grading has been entered into, and before the grading has been done.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

Action upon a street assessment. The facts are stated in the opinion of the court.

*Whittemore & McKee,* and *J. M. Seawell,* for Appellants.

*J. C. Bates,* and *J. M. Wood,* for Respondent.

SHARPSTEIN, J.—It appears to us that the evidence is sufficient to justify the findings, and the only other question to be considered on this appeal is whether the board of supervisors could authorize a contract to be made for macadamizing a street, after a contract for grading it had been entered into, and before it had been graded. That grading must precede macadamizing is sufficiently clear, but the statute does not expressly provide that—until a street is graded—no contract shall be made for macadamizing it. Section 3 of the statute of 1872, p. 804, empowers the board of supervisors to order the whole or any portion of a street macadamized, and section 4, provides that

said board may order such work to be done after notice of their intention so to do has been published as therein prescribed. After an order is made, it is the duty of the superintendent to advertise for sealed proposals, which must be submitted to the board, which has the power to accept the lowest.  In *Emery* v. *San Francisco Gas Company*, 28 Cal. 375, it was held that the board had power to declare their intention to grade and macadamize a street in the same resolution.  That being so, it is quite clear that both kinds of work may be ordered at the same time, and, if ordered, sealed proposals for doing both be advertised for at the same time, and contracts for doing both awarded at the same time.

The only jurisdiction which the board has is given by the statute, and if the statute be constitutional, we cannot add any conditions precedent to those specified in the statute.

Judgment and order affirmed.

Ross, J., THORNTON, J., and MYRICK, J., concurred.

Rehearing denied.